IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT JENKINS, and <br> JENKINS DISPLAYS CO., <br> <br> Plaintiffs, <br> <br> vs. <br> <br> FIRST VANDALIA CORP, <br> WILLIAM ERNEST CHAPPEL, <br> CITY OF VANDALIA, ILLINOIS, and <br> JACK JOHNSTON, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-04-DWD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

**DUGAN, District Judge:**

Now before the Court is a Motion to Reopen Case (Doc. 69) and supplement (Doc. 70) filed by *pro se* Plaintiff Scott Jenkins. This lawsuit originates from a 2013 dispute where Plaintiff alleged that the mayor of Vandalia, Illinois fraudulently ordered Plaintiff's multi-million-dollar entertainment facility to close, and ultimately defrauded Plaintiff into deeding the facility to Defendant the First Vandalia Corporation (Doc. 41; Doc. 66, p. 1). Plaintiff originally filed this lawsuit in the Circuit Court of the Fourth Judicial Circuit, Fayette County, Illinois in the case styled as *Jenkins, et al. v. First Vandalia Corp, et.al*, Fayette County, Illinois Case No. 13-L-10 (Doc. 2-1, p. 1).

On January 3, 2014, Defendants William Ernest Chappel and First Vandalia Corporation removed this case to federal court (Doc. 2). On March 5, 2015, the case was remanded to Fayette County, Illinois (Doc. 66). A certified copy of the remand order was

1

mailed to the Fayette County Circuit Court on March 5, 2015 (Doc. 66), and Fayette County Circuit Court acknowledged receipt the same day (Doc. 67).

Plaintiff now seeks to reopen this federal case, amend his complaint, and conduct additional discovery (Doc. 69; Doc. 72). According to Plaintiff, this case is still pending in state court.[1] However, Plaintiff raises a litany of issues with the state court proceedings, and particularly the actions of Circuit Court Judge Michael McHaney. Plaintiff also appears to allege new violations of his constitutional rights. For the following reasons, Plaintiff's Motion to Reopen this long-closed case, will be denied.

## Discussion

Generally, remand orders are not reviewable, and therefore this Court has no jurisdiction to reopen the instant matter. 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Further, it is well settled that "once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind." *Countryside Bank v. Naseer*, 2018 WL 4292960 at *2 (N.D. Ind. Sept. 7, 2018) (quoting *City of Valparaiso, Ind. V. Iron Workers Local Union No. 395*, 118 F.R.D. 466, 468 (N.D. Ind. 1987) (collecting cases)). The Court remanded this case and mailed a certified copy of the remand order on March 5, 2015 (Doc. 66). Accordingly, the Court has no jurisdiction now to consider Plaintiff's request.

---

[1] A review of the electronic docket in the Fayette County Circuit Court indicates there are ongoing proceedings involving this case. The electronic records are publicly available at https://www.judici.com/courts/cases/case_history.jsp?court=IL026015J&ocl=IL026015J,2013L10,IL026015JL2013L10D2 (last visited April 20, 2021). A motion hearing is currently set for May 19, 2020. *Id.*

Further, to the extent Plaintiff seeks to amend his complaint in this long-closed action, there is no complaint pending in this action for him to amend. Likewise, to the extent Plaintiff is seeking to remove the state court case back to this Court, his Motion fails to satisfy the requirements for a notice of removal. *See* 28 U.S.C. § 1446(b)-(c). The Court further notes that the removal statutes are aimed at defendants removing the cases, not plaintiffs. *See* 28 U.S.C. § 1446(a). Plaintiff originally elected to file the instant case in Fayette County Circuit Court. Therefore, Plaintiff already chose his forum, and the Court does not have any authority to allow him to proceed in this case at this time.

Finally, to the extent that Plaintiff is seeking to open a new case to review the state court action, he must file a new, separate, action in this Court. Furthermore, any new action to review the instant state court proceedings would likely be barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is named for two United States Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be . . . *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (internal markings and citation omitted). The doctrine also "precludes federal jurisdiction over claims inextricably intertwined with a state judgment." *Id.* It is a "narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005)).

## Disposition

For the above stated reasons, Plaintiff's Motion to Reopen Case (Doc. 69) is **DENIED**. Likewise, Plaintiff's Motion for Discovery (Doc. 72) and Motion to Construe (Doc. 73) are also **DENIED**.

**SO ORDERED.**

Dated: April 20, 2021

_____
DAVID W. DUGAN
United States District Judge